922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin G. LAWRENCE, Defendant-Appellant.
 No. 90-5669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 20, 1990.
Decided Jan. 14, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CR-89-98-R)
 William R. Light, Lynchburg, Va., for appellant.
 E. Montgomery Tucker, United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before CHAPMAN and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Calvin G. Lawrence was convicted in December 1989 for conspiracy to manufacture and distribute cocaine and cocaine base, manufacture of cocaine base, distribution of cocaine and cocaine base, and possession of cocaine with intent to distribute under 21 U.S.C. Secs. 841 and 846. The government presented the following evidence at trial:
 
 
 2
 On July 15, 1989, detectives from the Roanoke City Police and Botetourt County Sheriff's Department, along with an agent from the United States Immigration and Naturalization Service, went to the Knight's Inn in Troutville, Virginia, to investigate charges of drug dealing by Lawrence. Shortly after the officers arrived, Lawrence and a Ms. Brenda Swain drove into the Inn's parking lot in Lawrence's car. The two were interviewed separately. Swain stated that she had met Lawrence approximately two weeks earlier and that he was involved in dealing drugs. She also informed the officers that Lawrence, after receiving a tip that narcotics agents were investigating him, had just hidden approximately one ounce of cocaine in the parking lot of a nearby McDonald's restaurant. She accompanied the police to the McDonald's where 19.68 grams (approximately two-thirds of an ounce) of cocaine were retrieved from a decorative rock pile.
 
 
 3
 Swain testified that Lawrence had approached her approximately three days earlier with six ounces of cocaine, asking if she knew of anyone interested in buying the entire amount for $5,000. She stated that Lawrence then contacted a man named "Jay" (identified at trial as Otis Herman Morgan, Jr.) who sold the cocaine for Lawrence in one-ounce allotments. She also testified that she witnessed Lawrence and Jay "cook" the cocaine into crack in Lawrence's motel room and then "cut it down into little rocks and [wrap] it up in aluminum foil to sell." A search of Lawrence's room revealed a roll and several small pieces of aluminum foil in a dresser drawer. Lawrence had $1,537 in cash on his person at the time of his arrest. In addition, the police found two receipts in Lawrence's car, each dated July 15, 1989: one from Western Union showing that Lawrence had wired $1,000 to an individual in New York City, and the other from Federal Express showing that he had sent a money order (of an unknown amount) to an individual in Jamaica.
 
 
 4
 Lastly, there was evidence that, two weeks prior to his arrest, Lawrence was approached by a Roanoke City vice officer in an area of Roanoke apparently known for drug dealing. The officer seized $538 in cash from Lawrence which was forfeited in a later proceeding.
 
 
 5
 Lawrence was convicted by a jury on all counts. He now appeals, claiming (1) that the evidence was insufficient to sustain his convictions, (2) that he was denied effective assistance of counsel because his attorney failed to call any witnesses on his behalf and to subpoena certain telephone records, and refused to allow Lawrence to take the stand, (3) that the Sentencing Guidelines's credit for "acceptance of responsibility" constitutes a forced confession in violation of the fifth amendment, and (4) that the district court judge improperly added points to his sentence for "obstruction of justice" (for hiding the cocaine in the McDonald's parking lot) for conduct which occurred prior to his arrest and prosecution.
 
 1. Sufficiency of the evidence
 
 6
 In reviewing the sufficiency of the evidence on appeal, the evidence must be viewed in the light most favorable to the government. Glasser v. United States, 315 U.S. 60 (1942). Evaluated under this standard, the evidence was more than sufficient to sustain each conviction.
 
 
 7
 a. Conspiracy, manufacturing and distribution charges
 
 
 8
 Swain's testimony alone established that Lawrence conspired with Jay to distribute over five ounces of cocaine and cocaine base, and that together they had manufactured cocaine base in her presence. See United States v. Manbeck, 744 F.2d 360 (4th Cir.1984), cert. denied, 469 U.S. 1217 (1985) (uncorroborated testimony of an accomplice may be sufficient to sustain a conviction). Her testimony, along with the evidence concerning the large amount of cash on Lawrence's person at the time of his arrest, the aluminum foil in his room,[1] and the receipts for cash transfers were sufficient for a reasonable jury to conclude that Lawrence was guilty of conspiracy, manufacture, and distribution of cocaine and cocaine base. See United States v. Spoone, 741 F.2d 680 (4th Cir.1984) (to sustain guilty verdict for conspiracy, government need only show existence of conspiracy, defendant's knowledge of conspiracy's purpose, and some action indicating his participation), cert. denied, 469 U.S. 1162 (1985).
 
 
 9
 Lawrence argues that no evidence was given by the government to show that what Swain actually saw was, in fact, cocaine and that she was never qualified as an expert. However, Swain testified as to her familiarity with cocaine and cocaine base, and admitted that she had used both drugs in the past. She also testified that she and Lawrence together had smoked between 10 and 20 rocks of cocaine in July 1989. This Court has held that the character of cocaine may be established circumstantially by lay testimony and, provided such circumstantial evidence is adequate, the determination whether the substance in question is within the statutory prohibition is one for the jury. United States v. Scott, 725 F.2d 43 (4th Cir.1984).
 
 
 10
 b. Possession with intent to distribute cocaine
 
 
 11
 Lawrence argues that there was insufficient evidence to prove that he possessed the cocaine which was found in the McDonald's parking lot. However, it is well settled that actual possession is not necessary to sustain a conviction for possession of narcotics. United States v. Watkins, 662 F.2d 1090 (4th Cir.1981) (constructive possession is sufficient), cert. denied, 455 U.S. 989 (1982); United States v. Schocket, 753 F.2d 336 (4th Cir.1985) (possession of narcotics may be established by direct or circumstantial evidence and may be actual or constructive, and may be joint).
 
 
 12
 Contrary to Lawrence's assertion that it was Swain who possessed and hid the cocaine in the rock pile, the jury reasonably could have inferred that she had not hidden the cocaine because she was unable to point out its exact location to the officers. The jury also reasonably could have inferred an intent to distribute based on Swain's testimony concerning prior drug sales through Jay, the cash found on Lawrence,[2] and the packaging materials (small pieces of aluminum foil) found in Lawrence's room. Therefore, the evidence, viewed in the light most favorable to the government, was more than sufficient to sustain convictions on each count.
 
 2. Ineffective assistance of counsel
 
 13
 Lawrence claims he was denied effective assistance of counsel in violation of the sixth amendment, based on his attorney's failure to call any witnesses on his behalf and to subpoena certain telephone records, and his refusal to allow Lawrence to testify on his own behalf. This claim is properly brought under 28 U.S.C. Sec. 2255, which will allow development of an adequate record to resolve this issue. United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982). Therefore, we decline to address this issue at this time.
 
 
 14
 3. Denial of acceptance of responsibility credit
 
 
 15
 Lawrence claims that in order to avail himself of credit for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a), he would be forced to incriminate himself in violation of the fifth amendment. In United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. Oct. 1, 1990) (No. 90-15), the defendant argued that the fifth amendment was violated when the only reason that he was denied an acceptance of responsibility credit was his failure to admit his guilt. This Court rejected his contention, stating that "a defendant is not penalized for failing to accept responsibility. Rather, acceptance of responsibility is a mitigating factor available under appropriate circumstances." 895 F.2d at 936-37. Therefore, this claim is without merit.
 
 
 16
 4. Sentence adjustment for obstruction of justice
 
 
 17
 The district court adjusted Lawrence's sentence under U.S.S.G. Sec. 3C1.1 (obstruction of justice) based on the evidence that Lawrence hid the cocaine when alerted that he was about to be investigated by the police. Lawrence maintains that this section is inapplicable to conduct which occurs before arrest and prosecution. However, Sec. 3C1.1 clearly states that it applies to conduct "during the investigation or prosecution of the instant offense." The Application Notes specifically provide that "destroying or concealing material evidence, or attempting to do so" constitutes conduct which may provide a basis for applying this adjustment. Application Note 1(a). Therefore, this claim also lacks merit.
 
 
 18
 For the foregoing reasons, we affirm Lawrence's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Both Swain and Officer Reid Kelly testified that crack is most commonly sold wrapped in small aluminum foil packets
 
 
 [2]
 Officer Lee testified that the normal price for a "rock" of cocaine base is $25 and is usually paid in cash. The $1,357 found on Lawrence consisted of three $100 bills, four $50 bills, and the remainder in $20 and smaller bills